UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOMIAH WASHINGTON,

    Petitioner,                                    Case No. 18-cv-12139
                                                  Hon. Matthew F. Leitman
v.

WILLIS CHAPMAN,

    Respondent.
_____/

## ORDER REQUIRING SUPPLEMENTAL BRIEFING

Jomiah Washington, confined at the Thumb Correctional Facility in Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* Petition, Washington challenges his conviction for first-degree premeditated murder, M.C.L.A. § 750.316; assault of a pregnant individual intentionally causing miscarriage, stillbirth, or death, M.C.L.A. § 750.90b(a); mutilation of a dead body, M.C.L.A. § 750.160; and possession of a firearm in the commission of a felony, M.C.L.A. § 750.227b. For the reasons that follow, the Court orders Respondent to file a supplemental brief with respect the issues identified below.

At Washington's trial, the state court permitted the prosecution to read into the record testimony given at Washington's preliminary examination by a witness named Amanda Baer. In the Petition, Washington claims, among other things, that

1

the police coerced Baer into incriminating him. Washington alleges that the admission of Baer's coerced testimony violated his due process rights under the Fourteenth Amendment.

The Court has reviewed Respondent's arguments concerning Washington's claim related to Baer's testimony, and the Court has concluded that it would benefit from supplemental briefing on the following issues related to that claim:

1. In the Response to the Petition, Respondent said that the Court's review of the claim related to Baer's testimony is *de novo* because the state courts did not adjudicate the claim on the merits after Washington presented it to them. (*See* Response, ECF #7 at Pg ID 160-61.) However, Respondent also included arguments that appear to track the much more limited review available under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (*See, e.g.*, Response, ECF #7 at Pg. ID 160-62.) The Court directs Respondent to clarify whether he believes that the proper standard of review for this claim is *de novo* or whether he believes that the claim is subject to AEDPA review. If Respondent contends that the claim is subject to review under AEDPA, he shall explain the basis for that contention.

2. Does Respondent contend that the Court is precluded from conducting an evidentiary hearing on the merits of Washington's claim that Ms. Baer was coerced into testifying against him? If so, Respondent shall explain the basis of that contention.

3. If Respondent acknowledges that this Court has the authority to conduct an evidentiary hearing on the merits of Washington's claim concerning Baer's testimony, Respondent shall address whether such a hearing is warranted. If Respondent contends that such a hearing is not warranted, he shall explain the basis of that contention.

4. Finally, Respondent contends that any error in the admission of Ms. Baer's coerced testimony was harmless because, among other things, the jury heard evidence that Ms. Baer's testimony had been coerced. (Response, ECF #7 at Pg ID 162.) Respondent did not cite any case law holding that the admission of a coerced statement may be deemed a harmless error on the ground that the jury heard evidence that the statement was coerced. Respondent is directed to provide authority for the propositions that (a) the admission of a coerced witness statement (or a coerced confession by a criminal defendant) may be deemed harmless on the basis that the jury heard evidence that the witness's statement (or the defendant's confession) was coerced and (b) in conducting an analysis of whether the admission of a coerced witness statement (or coerced confession) is harmless, a court may consider whether the jury heard evidence that the statement (or confession) was coerced.

Respondent shall file his supplemental brief by **April 22, 2019**. Petitioner may (but is not required to) file a response to Respondent's supplemental brief by **June 3, 2019.**

**IT IS SO ORDERED.**

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: March 6, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2019, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (810) 341-9764